UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard D. Salters, II, | ) C/A No. 4:13-1536-MGL-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Wayne Wright, and<br>Nurse Eric McDaniel, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

### **BACKGROUND**

Richard D. Salters, II ("Plaintiff") is currently incarcerated at the Florence County Detention Center ("FCDC") awaiting sentencing on federal charges in this Court. *United States v. Salters*, Crim. Action No. 4:12-cr-817-TLW-8. In the Amended Complaint filed in this case, Plaintiff asserts that his constitutional rights are being violated by Defendants, one medical staff member and the kitchen supervisor, due to medical indifference because they have allegedly failed to assist him in getting a different main entree for the one meal a week when the spicy burrito is served in the lunch bag. ECF No. 10, Compl. 2-3. According to Plaintiff, he suffers from high blood pressure which is triggered when he eats spicy foods. He alleges that the kitchen staff serves spicy burritos one day

a week in the lunch bag which causes his blood pressure to go up. Plaintiff alleges that he went to medical and his blood pressure was normal, but it went up after he ate a spic burrito. Plaintiff alleges that the medical staff advised him to stay away from spicy foods. He alleges, however, that the kitchen staff will not substitute a meal on the days that burritos are served unless they have something in writing from the medical staff. Apparently, medical staff has not provided any written direction to the kitchen staff about a need to substitute an alternative meal on the days the spicy burrito is served. He asserts that he is entitled to three meals a day and Defendants have not provided a sufficient response to his attempts to have food service provide him with a different meal on the days that burritos are served. *Id.* He asks this Court to award him damages and injunctive relief from Defendants because of their alleged indifference to his medical needs. *Id.* at 4.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating

2

a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

With respect to medical and health needs, a prisoner seeking to establish a viable claim for damages under 42 U.S.C. § 1983[1] must show deliberate indifference by state actors such as prison doctors, nurses, and corrections officers to a serious need. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Cir. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Cir. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Cir. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Cir. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Cir. 1991) *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). At the thresh hold, a complaint of

---

[1]Plaintiff's claims for damages allegedly arising from the conditions of his confinement within a South Carolina county jail are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this Court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

deliberate indifference must disclose an *objective injury or inattention* to serious medical need. *Shakka v. Smith*; *Strickler v. Waters*, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *Wilson*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998). For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Section 1983 medical indifference claims do not encompass medical malpractice claims or other negligence-based claims arising from medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this regard, it was held that "[a]lthough the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). Furthermore, it is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106.

Plaintiff's Complaint fails to sufficiently allege a form of indifference. His own allegations and documentation do not show that any of the Defendants in this case were either objectively or subjectively indifferent to his medical needs following his one-time blood pressure elevation after he ate a burrito. There are no allegations that Plaintiff's blood pressure condition was ignored or that treatment for it was refused. Instead, the factual allegations show that Plaintiff was given medical advice to avoid eating spicy food like the burrito in the future. ECF No. 10, Compl. 3. While that advice is not what Plaintiff wanted to hear because he wanted a medical note for an entirely different meal one day of the week when spicy burritos are served in the lunch bag, there are no

4

allegations that medical personnel believed that a diet substitute for burritos was necessary. A prisoner does not show the requisite indifference to medical needs by disagreeing with the medical advice and/or care provided. *Jackson v. Fair*, 846 F.2d at 817. Thus, no plausible medical indifference claim is stated against either Defendant in the Complaint under review.

Moreover, to the extent that Plaintiff seeks to recover damages and other relief based on a claim that the condition of the premises (food service) at FCDC amounts to indifference by Defendants to inmate safety, the Complaint allegations fails to support such a claim. A prisoner has the constitutional right to have nutritionally adequate food be provided to him. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (explaining that the Eighth Amendment requires that prison officials ensure that inmates receive adequate food). But he does not have a right to his choice of food. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993). In order to state a plausible § 1983 indifference claims relating to prison food, it is has been held that the prisoner must allege sufficient facts that would support a finding that Defendants' refusal to provide him with a different entree on burrito-day deprived him of a serious basic human need, and that in doing so Defendants acted with a sufficiently culpable state of mind. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) ("only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"); *see Harris v. Murray*, 761 F. Supp. 409, 415 (E.D. Va. 1990) ("Plaintiff does not state a constitutional claim for inadequate nutrition merely because there were occasions when plaintiff considered his food inedible or inadequately warmed."); *Hause v. Harris*, No. 0:07-270-JFA-BM, 2008 WL 216651 at *8 (D.S.C. Jan. 23, 2008) (collecting

cases holding that a prisoner's opinion that food is inedible or inadequately warmed, improperly seasoned, or that he or she has cold diet without fruits and vegetables for a short period of time do not state a claim for inadequate nutrition).

There is nothing in the Complaint under review showing that Defendants' advice that Plaintiff just not eat the spicy burrito on the one day of the week it is served amounts to the deprivation of a basic human need. This is especially true when Plaintiff's allegations show only that he states his blood pressure was elevated on one occasion after eating a spicy burrito. He alleges that medical checked his blood pressure and it was normal prior to eating the spicy burrito and that it went up after he ate the burrito. Plaintiff has not alleged weight loss or other objective fact showing that the food service he is receiving at FCDC, even with its periodic inclusion of burritos as an entree and, perhaps, Plaintiff's avoidance of that entree during that one meal as suggested by medical personnel, is either nutritionally unsound or causes any type of serious risk to Plaintiff's health. In the copy of the grievance Plaintiff submitted to the court, he stated that he does not eat the "particular" burrito with "onions, Black Beans, Peppers Green [and] Red, and Rice" so that he has to "Settle for just Fries alone." ECF No. 1-1. By way of this grievance, Plaintiff asserts that he receives more food on his tray the one day he is served the particular spicy burrito for lunch than just the burrito. Plaintiff has not alleged that the kitchen staff were directed by the FCDC to serve him a different meal and failed to do so. Accordingly, no plausible "deliberate indifference to inmate safety" claim is stated against either Defendant.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v.*

6

*Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 30, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).